IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02778-RPM-KLM

JAYME SANFORD, and
SANFORD INSURANCE, INC.

    Plaintiffs,
v.

ALLSTATE INSURANCE COMPANY,
KEN PHILBRICK, and
KEN PHILBRICK AGENCY, INC.

    Defendants.

---

## ORDER FOR REMAND

---

Jayme Sanford and Sanford Insurance, Inc. brought this action in the District Court for Boulder County, Colorado, alleging claims for misrepresentation and fraudulent inducement against Ken Philbrick, the Philbrick Agency, Inc., and Allstate Insurance Company, and alleging six other claims arising under state law against Allstate. The Plaintiffs' claims arise out of a purchase and sale transaction by which Sanford purchased an Allstate Insurance Agency formerly operated by Philbrick.

Allstate removed the action, asserting federal jurisdiction on the basis of diversity of citizenship. The Plaintiffs are Colorado citizens. Defendants Ken Philbrick Agency, Inc. and Ken Philbrick are Colorado citizens. Allstate is a citizen of Illinois. Allstate contends that the Philbrick Defendants were fraudulently joined and therefore their Colorado citizenship should not be considered for the purposes of determining whether complete diversity exists and whether the action is removable.

-1-

In an action involving only state law claims, the plaintiff's inclusion of a claim against a resident defendant normally prevents removal. 28 U.S.C. § 1441(b). Fraudulent joinder is an exception to that rule. *See Dodd v. Fawcett Publications, Inc*., 329 F.2d 82 (10th Cir. 1964). To prove fraudulent joinder, "the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court; or that there has been outright fraud in plaintiff's representations as to jurisdictional facts." *Frontier Airlines, Inc. v. United Air Lines, Inc*., 758 F.Supp. 1399, 1404 (D. Colo. 1989).

In support of removal, Allstate argues that the Plaintiffs' allegations regarding the purported misconduct of the Philbrick Defendants are insufficient and that this deficiency demonstrates that Allstate is the only true defendant. On January 12, 2008, the Plaintiffs filed an Amended Complaint, supplying additional factual allegations in support of their claims. The Plaintiffs have moved to remand.

Allstate, as the party invoking federal jurisdiction, bears the burden of establishing subject matter jurisdiction. *Martin v. Franklin Capital Corp*., 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the propriety of joinder, the court may not pre-try doubtful issues of fact. *Dodd*, 329 F.2d at 85. Allstate has not carried its burden of showing that the Philbrick Defendants were fraudulently joined. Accordingly, it is

ORDERED that the Plaintiffs' motion to remand is granted.

Dated: March 17, 2009

BY THE COURT:

s/Richard P. Matsch

---

Richard P. Matsch, Senior District Judge